UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TONY CARZELL GREEN,                          Case No. 3:16-cv-00406-MC

          Petitioner,                        OPINION AND ORDER

    v.

WARDEN RICHARD IVES,
FCI Sheridan,

          Respondent.

_____

McShane, Judge:

Petitioner, an inmate at the Federal Correctional Institution, Sheridan, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the imposition of the career offender enhancement under the United States Sentencing Guidelines violated his rights under federal law. For the reasons explained below, the petition is denied.

BACKGROUND

Following a jury trial in 1998, petitioner was convicted of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1),(b). Petitioner had two prior drug convictions, including a Washington conviction for conspiracy to deliver a controlled

1    - OPINION AND ORDER

substance in violation of Wash. Rev. Code §§ 69.50.401(1), 69.50.407. In light of his prior drug
convictions, the district court found that petitioner qualified as a career offender under the
Guidelines. *See* U.S.S.G. § 4B1.1 (1997) (career offender includes a defendant whose instant
offense is a felony crime of violence or felony controlled substance offense and who has two
prior convictions for either felony crimes of violence or controlled substance offenses). Pursuant
to § 4B1.1 of the Guidelines, petitioner's base offense level was 37 and his criminal history
category was VI, resulting in a sentencing range of 360 months to life. The district court
sentenced petitioner to 360 months' imprisonment.

Petitioner appealed and the Ninth Circuit affirmed his convictions and sentence. *United
States v. Green*, 198 F.3d 255 (9th Cir. 1999) (unpublished opinion). Petitioner subsequently
filed a motion under 28 U.S.C. § 2255 and the motion was denied. Petitioner also moved for a
reduction in sentence pursuant to 18 U.S.C. § 3582 and that motion was denied as well.
Petitioner filed additional motions under seal requesting a reduction in sentence, and the district
court denied the motions and instructed petitioner to refile them correctly. Petitioner did not do
so.

On March 4, 2016, petitioner filed the instant petition.

## DISCUSSION

Petitioner seeks relief under 28 U.S.C. § 2241 and argues that his prior conspiracy
conviction does not qualify as a predicate offense under § 4B1.1. Petitioner maintains that, under
Washington sentencing provisions, his conviction for conspiracy to deliver a controlled
substance is an "unranked" offense with a maximum sentencing range of only twelve months.
*See* Wash. Rev. Code § 9.94A.505(2)(b) ("If a standard sentence range has not been established
for the offender's crime, the court shall impose a determinate sentence which may include not

2  - OPINION AND ORDER

more than one year of confinement....") (*formerly* Wash. Rev. Code § 9.94A.120); *see also State v. Heber*, 67 Wash. App. 836, 837-38, 851 P.2d 734 (1992) ("conspiracy under RCW 69.50.407 was an unranked offense with a standard [sentencing] range of not more than a year of confinement"). Consequently, petitioner argues that his prior conviction was not punishable by a term of imprisonment exceeding one year and could not serve as the basis for the Guidelines career offender enhancement.

Generally, a federal prisoner who seeks to challenge the legality of his sentence must file a motion under 28 U.S.C. § 2255 rather than § 2241. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241.") (citation omitted). Petitioner nonetheless argues that this Court may review his § 2241 petition under the "escape hatch" exception, because the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.;* 28 U.S.C. § 2255(e). Pursuant to this exception, petitioner must make a claim of "actual innocence" and show that he has not had "'an unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d. at 898 (citation omitted).

Petitioner cannot make a claim of "actual innocence" in these circumstances. Petitioner does not argue or present evidence that he is factually innocent of either the federal offense or the predicate state offense. *Marrero v. Ives*, 682 F.3d 1190, 1192-93 (9th Cir. 2012). He does not argue that he was statutorily ineligible to receive a career offender enhancement such that his sentence exceeded the statutory maximum. *Id.* at 1194-95; *see also Spencer v. United States*, 773 F.3d 1132, 1143 (11th Cir. 2014) (noting that misapplication of the career offender enhancement

3    - OPINION AND ORDER

under the Armed Career Criminal Act, unlike the Guidelines, "results in an a sentence that exceeds the statutory maximum"). Instead, petitioner argues that the sentencing court misapplied the Guidelines and imposed an incorrect sentence. In the Ninth Circuit, petitioner's claim is not recognized under § 2241. *Marrero*, 682 F.3d at 1195 ("the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch"). Accordingly, petitioner does not assert a valid claim of "actual innocence" for the purposes of the § 2241 escape hatch.

Regardless, petitioner cannot establish that he is entitled to relief. Under the career offender enhancement, a predicate offense includes a "prior felony conviction" of a "controlled substance offense." U.S.S.G. § 4B1.1 (1997). The Guidelines define "prior felony conviction" as a "conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." *Id.* § 4B1.2, cmt. 1; *see also id.* § 4B1.2(b) (defining "controlled substance offense" as an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance"). Here, the Washington conspiracy statute provides that the maximum punishment for conspiracy may not exceed the maximum for the offense that was the object of the conspiracy. *See* Wash. Rev. Code § 69.50.407 (conspiracy statute). Under the relevant Washington criminal statute, the maximum sentence for delivery of a controlled substance is ten years. *Id.* § 69.50.401(1),(2)(a) (controlled substance statute). Therefore, petitioner's prior conviction for conspiracy to deliver a controlled substance was punishable by a term exceeding one year and qualifies as a predicate offense.

4    - OPINION AND ORDER

Petitioner maintains that instead of the criminal statute, this Court must look to the

Washington sentencing provisions to determine whether his conspiracy conviction *actually*

exposed him to a sentence in excess of one year. He argues that Washington's guidelines scheme

makes the statutory maximum a fiction. After all, according to petitioner, a Washington judge

operating under the state sentencing rules could not sentence petitioner to anything over a year.

The Ninth Circuit, however, has squarely rejected this argument. *See United States v. Crawford*,

520 F.3d 1072, 1080 (9th Cir. 2008). In so ruling, the Ninth Circuit affirmed its prior holding in

*United States v. Murillo* that "the maximum sentence that makes a prior conviction under state

law a predicate offense" is the "potential maximum sentence defined by the applicable state

criminal statute, not the maximum sentence which could have been imposed against the

particular defendant for his commission of that crime according to the state's sentencing

guidelines." *Id.* (quoting *United States v. Murillo,* 422 F.3d 1152, 1155 (9th Cir. 2005)). In other

words, regardless of Washington sentencing guidelines, petitioner's prior offense of conviction

was punishable by a term of imprisonment of up to ten years and qualified as a predicate offense

under § 4B1.1.

Petitioner nonetheless argues that *Murillo* was abrogated by the Supreme Court decisions

in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) and *Carachuri-Rosendo v. Holder*, 560 U.S. 563

(2010). There, the Supreme Court analyzed whether prior state drug convictions constituted

convictions punishable as felony offenses under the federal Controlled Substances Act (CSA) in

order to qualify as "aggravated" felonies under the federal Immigration and Nationality Act

(INA). *Moncrieffe*, 133 S. Ct. at 1685 (to qualify as aggravated offense under the INA, "a state

drug offense must meet two conditions: It must 'necessarily' proscribe conduct that is an offense

under the CSA, and the CSA must 'necessarily' prescribe felony punishment for that conduct");

*Carachuri-Rosendo*, 560 U.S. at 581-82 (the "defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law" to qualify as an aggravated felony under the INA). In contrast, the career offender Guidelines provisions do not require "actual conviction" of an offense that is punishable as a felony under federal law; they require a prior conviction for a controlled substance offense punishable by a term exceeding one year. Absent Ninth Circuit authority to the contrary, *Moncrieffe* and *Carachuri-Rosendo* do not abrogate the holdings of *Murillo* and *Crawford*.

Under *Murillo* and *Crawford*, this Court must look to the state criminal statute to determine whether a predicate offense under § 4B1.1 was punishable by a term exceeding one year. The criminal statute at issue provided a maximum sentence of ten years, and petitioner's prior conviction qualified as a predicate offense under the career offender provision of the Guidelines.

CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _20_ day of March, 2017.

Michael McShane
United States District Judge